# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **MARVIN EDWARD WARE** | **CIVIL ACTION NO. 06-2189** |
| **VS.** | **SECTION P** |
| **MOREHOUSE PARISH DET. CENTER** | **JUDGE JAMES** |
| | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on November 14, 2006, by *pro se* plaintiff Marvin Edward Ware. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC). He is incarcerated at the Forcht-Wade Corrections Center, Keithville, Louisiana, but he complains of conditions of confinement at the Morehouse Parish Detention Center (MPDC), Collinston, Louisiana. He has named the facility itself as his sole defendant and prays for compensatory damages in the amount of $80,000.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief might be granted.

### *Statement of the Case*

Petitioner, an LDOC inmate, was incarcerated at the MPDC from November 4, 2005, until his transfer on November 14, 2006. In his complaint signed on October 10, 2006, he complained of his exposure to second-hand tobacco smoke because he lived in a dormitory which housed 52 inmates, 30 of whom were smokers. He complained that the dormitory was

1

inadequately ventilated. Plaintiff complained that he developed a cough as a result of his exposure to second- hand tobacco smoke.

Plaintiff claims that he submitted an administrative grievance on October 1, 2006. He provided a copy of what purports to be the grievance in question. In that grievance plaintiff complained of "[e]xposure to second-hand tobacco smoke" and other conditions of confinement which are not raised in the instant complaint. [doc. 1-1, p. 8] He also provided a copy of a type-written document, which is undated and unsigned and which complains, among other things, that he was "[f]orced to live in dorms with 40 or more inmates and more than half of them smoke, from lights on until lights off and some smoke when the lights are off. The black and milds they smoke give me such a head ache." [doc. 1-1, p. 10] He also provided a copy of a hand-written document entitled "Administrative Remedy Procedure 3rd Step" signed and dated October 29, 2006. This grievance, however, does not complain about exposure to second-hand tobacco smoke. [doc. 1-1, p. 13] Finally, plaintiff provided a second hand-written document entitled "Administrative Remedy Procedure Nature of Complaint 3rd Step" signed and dated October 21, 2006. This grievance does complain of "[e]xposure to second-hand tobacco smoke" and other conditions of confinement. [doc. 1-1, p. 14]

According to plaintiff, Assistant Warden Brown talked with plaintiff the day after he submitted his October 1, 2006, grievance. Brown advised plaintiff that he could be transferred to a lock-down cell to avoid further exposure to second-hand tobacco smoke. Plaintiff declined but requested transfer to another facility.

Plaintiff then claimed to have sent the two third step grievances to LDOC Secretary Richard Stalder on October 10, 21, and 29, 2006. He claimed to have received no response and therefore he mailed his complaint to the court on November 11, 2006. [doc. 3, p. 1] The pleading was received and filed on November 14, 2006. On that same date he was transferred to

his present place of confinement, the Forcht-Wade Correctional Center. [doc. 3]

*Law and Analysis*

*1. Frivolity Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*,

3

47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

With regard to his exposure to second-hand tobacco smoke claim, plaintiff has pleaded his best case and still fails to state a claim for which relief may be granted. There are no additional facts which he could plead which would salvage his case and therefore dismissal on the pleadings is appropriate for the following reasons.

## 2. Juridical Person

Plaintiff has named the MPDC as his only defendant. Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether MPDC has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.

MPDC is apparently a parish corrections facility operated by the Sheriff of Morehouse Parish. [Compare La. Atty. Gen. Op. No. 03-0437, 2003 WL 23146623; see also, *Langley v. City of Monroe*, 582 So.2d 367 (La. App. 2d Cir. 1991) and La. R.S.15:702 (The parish governing authority is charged with the duty to provide a good and sufficient jail and to provide for the physical maintenance of parish jails and prisons; however, the administration of such jails is within the province of the sheriff who has the duty of operating the jail and insuring that prisoners are properly cared for, fed and clothed.)]

Further, to the extent that plaintiff's complaint is with the Morehouse Parish Sheriff's Office, it is also subject to dismissal. In Louisiana the Parish Sheriff's Offices are not legal

4

entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D.La.1988).

In other words, the State of Louisiana has not granted juridical status to either the Sheriff's Office or to the penal institutions administered by the Sheriff.

Plaintiff's suit against this non-juridical entity is patently frivolous, and dismissal on that basis is appropriate.

*3. Exposure to Second-Hand Tobacco Smoke*

Even if plaintiff were permitted to amend his complaint to name appropriate defendants, his complaint would fare no better. Plaintiff has asserted a single claim in this complaint – that exposure to second-hand tobacco smoke while he was incarcerated at the MPDC deprived him of his right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment to the United States Constitution. "The Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir.1995).

In order to successfully plead an Eighth Amendment conditions of confinement claim, a civil rights plaintiff must allege facts which suggest that the prison officials' conduct resulted in the plaintiff being incarcerated under "conditions which [posed] an <u>unreasonable</u> risk of damage to [the prisoner's] future health." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir.2001). This "risk must be of such a level that today's society would not tolerate it." *Id.* In order to prevail on such a conditions of confinement claim, a plaintiff must plead facts which establish: (1) objectively, that the deprivations are sufficiently serious; and (2) subjectively, that the defendant prison officials knew of the deprivations but nevertheless have shown a "<u>deliberate

5

indifference" to the plaintiff's "health or safety." *Id.*; see also *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998).

In order to successfully plead "deliberate indifference," the plaintiff must allege facts (and not conclusory allegations) which demonstrate that the defendants knew of but <u>disregarded</u> a substantial risk of serious harm to his health. *Farmer v. Brennan*, 511 U.S. 825, 837-38, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Further, he must plead facts which establish that the defendants: (1) were aware of facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed. *Id.*

The vague, speculative, and conclusory allegations in plaintiff's complaint do not sufficiently state a claim for the excessive exposure to environmental tobacco smoke. See *Helling v. McKinney*, 509 U.S. 25, 35-36, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). He has not shown that the deprivations complained of were sufficiently serious; but, even had he done so, he has not alleged that the MPDC administration was deliberately indifferent to his plight. The facts alleged by plaintiff establish that within 24 hours of his first complaint concerning exposure to tobacco smoke, plaintiff was offered a smoke free alternative which he declined.

Further, the record clearly establishes that within six weeks of his first complaint, he was transferred to another prison as he had previously requested. These facts negate any inference of deliberate indifference that plaintiff might raise if permitted to amend.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties

6

aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 18th day of January, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE