

RECEIVED
IN MONROE, LA
APR 2 - 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MARVIN EDWARD WARE | CIVIL ACTION NO. 06-2189 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MOREHOUSE PARISH DETENTION CENTER | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM RULING

Before the Court is a civil rights action under 42 U.S.C. § 1983 brought by Plaintiff Marvin Edward Ware ("Ware"), a former inmate at the Morehouse Parish Detention Center ("MPDC"), against MPDC. Ware contends that he is entitled to monetary damages for harm caused to him by exposure to environmental tobacco smoke ("ETS") while he was incarcerated at MPDC between November 2005 and November 2006.

On January 18, 2007, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 6] recommending that Ware's Complaint be denied and dismissed with prejudice as frivolous and for failing to state a claim upon which relief may be granted. Magistrate Judge Hayes reasoned that, because MPDC is a non-juridical person under Louisiana law, MPDC may not be sued. In the alternative, she reasoned that, even if Ware had named the appropriate defendants, he failed to allege that MPDC officials were deliberately indifferent to a substantial risk to his health, and, therefore, failed to plead an Eighth Amendment violation based on conditions of confinement. Ware filed objections to the Report and Recommendation

[Doc. Nos. 9 & 11].[1]

For the following reasons, the Court ADOPTS IN PART AND DECLINES TO ADOPT IN PART the Report and Recommendation of the Magistrate Judge.

## I.   LAW AND ANALYSIS

When a party files objections to a magistrate judge's report and recommendation, the district court conducts a *de novo* review of those portions of the report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

The Court finds that the Magistrate Judge has accurately recounted the applicable law and facts and, therefore, ADOPTS that portion of her Report and Recommendation. Further, the Court agrees with the Magistrate Judge that Ware's claims against MPDC are barred because the State of Louisiana has not granted juridical status to the MPDC and ADOPTS that analysis in her Report and Recommendation.

However, the Court DECLINES TO ADOPT the Magistrate Judge's analysis under the Eighth Amendment: that Ware not was exposed to sufficiently serious levels of ETS and that he failed to allege facts which suggest that MPDC officials were deliberately indifferent to a substantial risk of harm to his health. The Court finds that Ware has alleged that he was continually exposed to a high level of ETS and that MPDC officials were subjectively aware that lockdown cells were not smoke-free. Therefore, on March 15, 2007, the Court granted Ware leave of Court to amend his Complaint to name those correctional officials against whom he has a claim [Doc. No. 13]. On March 28, 2007, Ware filed an amended complaint [Doc. No. 18]. Ware's claims against the owners of MPDC and their insurance company, Morehouse Parish

---

[1]The Court notes that one of Ware's objections [Doc. No. 11] was not timely filed.

Sheriff, Police Jury of Morehouse Parish, Warden Tappin, Assistant Warden Brown, Sargent Jackie Robinson, Sargent Klax, Deputy John Harris, Sargent Smith, and Correctional Officer Morrison remain pending.

## II. CONCLUSION

For the foregoing reasons, the Court ADOPTS IN PART AND DECLINES TO ADOPT IN PART the Report and Recommendation of the Magistrate Judge [Doc. No. 6]. The Court ADOPTS the Magistrate Judge's recitation of the law and facts and her finding that Ware's claims against Morehouse Parish Detention Center are barred as a suit against a non-juridical person. Accordingly, Ware's Complaint [Doc. No. 1] against Morehouse Parish Detention Center is DENIED and DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted. The Court DECLINES TO ADOPT the Magistrate Judge's analysis under the Eighth Amendment.

MONROE, LOUISIANA, this 2 day of April, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

3