IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **MARVIN EDWARD WARE** | \* | **CIVIL ACTION NO. 06-02189**<br>Section P |
| **VERSUS** | | |
| | \* | **JUDGE JAMES** |
| **MOREHOUSE PARISH DETENTION CENTER, ET AL.** | \* | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is an unopposed Motion for Summary Judgment filed by Defendant Morehouse Parish Police Jury ("the Police Jury") (Doc. #88). For reasons stated below, it is recommended that the motion be **GRANTED**.

Plaintiff Marvin Edward Ware filed this civil rights complaint and amended complaint in forma pauperis pursuant to 42 U.S.C. § 1983. He claims that his constitutional rights were violated by prison officials while he was incarcerated at the Morehouse Parish Detention Center ("MPDC"), and he names the Morehouse Parish Detention Center, the Morehouse Parish Police Jury, Sheriff Danny McGrew, Warden Robert Tappin, Assistant Warden I. Brown, Sergeant Jackie Robinson, Sergeant Klax, Deputy John Harris, Sergeant Smith, and Corrections Officer Morrison as defendants.

The Police Jury filed the Motion for Summary Judgment on the basis that the undisputed evidence shows that it neither owned nor otherwise controlled the MPDC building during the time in which Ware was an inmate therein.

### LAW AND ANALYSIS

Summary judgment is appropriate when the evidence before the Court shows that there is

no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  F.R.C.P. Rule 56(b).  While the facts are to be reviewed with all inferences drawn in favor of the non-moving party, factual controversies are resolved in favor of the non-movant only when there is an actual controversy.  That is, when both parties have submitted evidence of contradictory facts.  *McCallum Highlands, Limited v. Washington Capital DUS, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995).

There can be no genuine issue as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id.* at 323.  There are three essential elements needed to impose municipal liability under § 1983: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom."  *Piotrowski v. Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't. Of Social Sciences*, 436 U.S. 658, 694 (1978)).

In this case, the facts set out by the Police Jury in its Motion for Summary Judgment, supported by affidavit, are as follows:

1. The Police Jury never owned the MPDC building in question;
2. The Police Jury never employed any person at the MPDC; and
3. The Police Jury never maintained, repaired, or insured the MPDC.

Plaintiff has failed to submit evidence of any facts contradictory to those submitted by the Police Jury.  In addition, Plaintiff offers no evidence of the essential elements for § 1983 municipality liability.  In fact, the sum of Plaintiff's offerings is an unsubstantiated allegation, stated in his

complaint, that the Police Jury may own the MPDC building (Doc. #1). Apart from the allegation of ownership, there is no reason to believe that the Police Jury has any connection to the alleged violations. Such allegations, unsupported by evidence, do not create genuine issues of fact. *See Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195-96 (5th Cir. 1986); *Solo Serve Corp. v. Westowne Assoc.*, 929 F.2d 160, 165 (5th Cir. 1991). Consequently, the material facts in this case are not at issue: Defendant neither owned nor controlled the MPDC building during the relevant time period, and, even if it had, there is no basis for liability against it.

Mere ownership of the building by the Police Jury – even if it had been proven – would be legally insufficient to establish liability under § 1983. *Monell*, 436 U.S. at 694 (holding that § 1983 liability may not be based upon a theory of respondeat superior.).

Consequently, after review of the affidavit and applicable law, and in absence of any opposition to the facts as presented by the Police Jury, it is recommended that the Motion for Summary Judgment be granted, and that Defendant Morehouse Parish Police Jury be dismissed with prejudice. Under the provisions of 28 U.S.C. §636(b)(1)(c) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** this 11th day of September, 2007, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE